IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:18-CR-043 |
| | : | |
| v. | : | Judge Timothy S. Black |
| | : | |
| | : | **GOVERNMENT'S MOTION FOR** |
| YANJUN XU, | : | **A PRETRIAL CONFERENCE** |
| (a/k/a Xu Yanjun, | : | **PURSUANT TO 18 U.S.C. APP. III** |
| a/k/a Qu Hui, | : | **(CIPA) SECTION 2** |
| a/k/a Zhang Hui) | : | |

The United States, through the undersigned counsel, hereby moves the Court to hold a pretrial conference pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III, to enable the Court to consider matters relating to classified information that have arisen in connection with the prosecution of the defendant.  The government also moves the Court for an Order designating a Classified Information Security Officer ("CISO") to assist the Court and court personnel in the handling of any motions or orders pursuant to CIPA.  A proposed order designating a CISO will be filed with this motion.

In support of this Motion, the United States relies on the following points and authorities:

## OVERVIEW OF CIPA

CIPA was enacted in 1980 to enable courts to evaluate potential classified information issues in criminal cases before jeopardy attaches.  CIPA itself does not change the government's discovery obligations, and it does not alter the rules of evidence.  Instead, as multiple federal appellate courts have noted, CIPA mandates a number of procedures at the pretrial, trial, and appellate stages of a criminal case to enable courts to protect a defendant's right to due process, including the right to a fair trial, and to protect the government's interest in classified information,

sources, and methods. *See United States v. Sterling*, 724 F.3d 482, 515 (4th Cir. 2013) (CIPA "was designed to balance the defendant's interest in a fair trial and the government's interest in protecting national security information."); *United States v. Amawi*, 695 F.3d 457, 468 (6th Cir. 2012) (CIPA "provides a set of procedures for federal courts to follow when the government seeks to protect classified information from disclosure."); *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) (CIPA's fundamental purpose is to "'protect[] and restrict[] the discovery of classified information in a way that does not impair the defendant's right to a fair trial.'") (quoting *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002); *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998) (discussing the balance between national security and the due process rights of the defendant); *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988) ("CIPA creates a pretrial procedure for ruling upon the admissibility of classified information.").

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure, noting that "[t]he government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *CIA v. Sims*, 471 U.S. 159, 175 (1985) (internal quotes and citation omitted). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant . . . ." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

CIPA sets forth procedures by which federal courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994). The fundamental purpose of CIPA is to "establish procedures to harmonize a defendant's right to obtain and present exculpatory material

[at] trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (internal quotes and citation omitted). It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." *United States v. Apperson*, 441 F.3d 1162, 1192-93 n.8 (10th Cir. 2006) (internal quotes and citation omitted).

## CIPA PROCEDURAL FRAMEWORK

A.   Section 1:  Definitions

Section 1 of CIPA defines "classified information" as "any information or material that has been determined by the United States government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security." 18 U.S.C. App. III § 1. In turn, "national security" is defined as "the national defense and foreign relations of the United States." *Id.*

B.   Section 2:  Pretrial Conference

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III § 2. After such a motion for a hearing is filed, Section 2 mandates that the district court "shall promptly hold a pretrial conference to establish the timing of requests for discovery" and other issues related to classified material. *Id.* These may include the timing of requests for discovery, the provision of notice required by Section 5 (notice of the defendant's intent to disclose classified information), and the initiation of the procedures concerning the use and admissibility of classified information under Section 6. *Id.*

No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. *See* S. Rep. No 96-823, at 5-6 (1980), *reprinted in* 1980

3

U.S.C.C.A.N. 4294, 4298-99. Moreover, to foster open discussions at the pretrial conference, Section 2 provides that no admission made by the defendant or his or her attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his or her attorney. *See* 18 U.S.C. App. III § 2.

**C.     Section 3: Protection Against Disclosure**

Section 3 of CIPA requires the Court, upon the request of the United States, to issue an order "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case. . . ." 18 U.S.C. App. III § 3. While the government does not at this time anticipate that any classified information will need to be provided to the defense, in the event that the government does seek to produce any classified materials to the defense, the government will require the protective measures allowed for under Section 3 of CIPA.

**D.     Section 4: Discovery of Classified Information by Defendants**

Section 4 of CIPA provides a procedural mechanism to protect classified information, sources, and methods, while simultaneously ensuring that the government is able to satisfy its discovery obligations. Pursuant to Section 4, district courts have the opportunity to assess whether, and the extent to which, specified items of classified information should be disclosed. Specifically, Section 4 provides that "[t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting the relevant facts that classified information would tend to prove." 18 U.S.C. App. III, § 4; *see also, United States v. Sedaghaty*, 728 F.3d 885, 904 (9th Cir. 2013); *Rezaq*, 134 F. 3d at 1142.

Similarly, the Federal Rules of Criminal Procedure provide that "[u]pon a sufficient showing," a district court: "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The legislative history of CIPA makes it clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security. S. REP. NO. 96-823 at 6, 1980 U.S.C.C.A.N. at 4299-4300; *see also United States v. Pringle,* 751 F.2d 419, 427 (1st Cir. 1984). Section 4 of CIPA, like Rule 16(d) of the Federal Rules of Criminal Procedure, provides that the United States may file its Section 4 motion in the "form of a written statement to be inspected by the court alone." 18 U.S.C. App. III § 4 ("The court may permit the United States to make a request for such authorization ["to delete specified items of classified information"] in the form of a written statement to be inspected by the court alone."); Fed R. Crim. P. 16(d)(1) (the government may move for a protective order "ex parte").

A district court when considering a Section 4 motion "must first determine whether, pursuant to the Federal Rules of Criminal Procedure, statute, or the common law, the information at issue is discoverable at all." *Sedaghaty*, 728 F.3d at 904 (citing *United States v. Rewald*, 889 F.2d 836, 847-48 (9th Cir. 1989)). If the material is deemed discoverable, the Court next determines whether the government has made a claim of privilege over the classified information. *See United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) (citations omitted). If the court concludes the material is discoverable and the privilege applies, "then the court must determine whether the evidence is 'relevant and helpful to the defense of an accused.'" *Sedaghaty*, 728 F.3d at 904 (citing *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957)); *United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003)). The classified material must be "relevant and helpful to the defense of an accused" to be discoverable. *Klimavicius-Viloria*, 144 F.3d at 1261 (quoting *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989)).

5

For example, the government may request that the Court deny discovery of a classified document in its entirety pursuant to Section 4 because it is not discoverable under the relevant legal standard. *United States v. Libby*, 429 F. Supp. 2d 46, 48 (D.D.C. 2006). Alternatively, the government may file a motion under Section 4 to delete specific classified information from a document that either the government or the Court has deemed discoverable, or to substitute an unclassified summary or admission in the place of the document. *Id.* at 47. The entire text of any *ex parte*, *in camera* pleadings shall be sealed and preserved in the court's record to be made available to the appellate court in the event of an appeal. 18 U.S.C. App. III § 4; *see also United States v. Aref*, No. 04-CR-402, 2006 WL 1877142 at *2 (S.D.N.Y. July 6, 2006).

The Sixth Circuit has firmly upheld the government's authority to file Section 4 CIPA pleadings *in camera* and *ex parte*. *See Amawi*, 695 F.3d at 472 ("[E]very court that has considered this issue has held that CIPA permits *ex parte* hearings.") (quoting *Kimavicius-Viloria*, 144 F.3d at 1261 ("[i]n a case involving classified documents, . . . *ex parte, in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information")); *United States v. Hanna*, 661 F.3d 271, 295 (6th Cir. 2011); *United States v. Smith*, 899 F.2d 564, 565 n. 1 (6th Cir. 1990).

Even if defense counsel holds appropriate security clearances, it "does not mean that [they are] entitled to access the government's classified filings." *Sedaghaty*, 728 F.3d at 909. Likewise, while the defendant may be entitled to notice when the government initiates CIPA proceedings under Section 4 or 6, there is "no due process right to receive a description of materials in the government's possession that are not discoverable." *Id.* (citing *United States v. Mejia*, 448 F.3d 436, 458 (D.C. Cir. 2006) (noting that in the CIPA context, as in other discovery in criminal cases, the defendant is "not entitled to access any of the evidence reviewed by the

6

court . . . to assist in his argument that it should be disclosed")). Defendant, however, may be permitted to file his own *ex parte* submission outlining his theory of the defense to aid the court in the review of any classified materials. *See Sedaghaty*, 728 F.3d at 906 n. 10.

**E.    Sections 5 and 6: Notice of Defendant's Intent to Disclose and Pretrial Evidentiary Rulings**

Sections 5 and 6 of CIPA apply when a criminal defendant who possesses classified information seeks to disclose such information during the course of a trial or proceeding. *See, e.g.*, *Baptista-Rodriguez*, 17 F.3d at 1363; *United States v. Collins*, 720 F.2d 1195, 1199-1200 (11th Cir. 1983). Section 5 requires the defendant to provide timely written notice to the Court and the government describing any classified information that he reasonably expects to disclose. *See* 18 U.S.C. App. III § 5(a). Section 6 describes the procedures by which the Court shall, upon request by the United States, conduct a hearing to make determinations of use, relevance, or admissibility of classified information. *Id.* at § 6.

Pursuant to Section 5, notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial." *Id.* at § 5. Although the description of the classified information may be brief, it must inform "[t]he government . . . exactly to which documents [the defendant] was referring, and [to] what information was contained in them." *United States v. Rewald*, 889 F.2d at 855, amended, 902 F.2d 18 (9th Cir. 1990) (quoting *United States v. Miller*, 874 F.2d 1255, 1276 (9th Cir. 1989)); *see also Collins*, 720 F.2d at 1199. The defendant must provide formal notice under Section 5 even if the government believes or knows that the defendant may assert a defense involving classified information. *See United States v. Badia*, 827 F.2d 1458, 1465-66 (11th Cir. 1987).

Section 5 specifically prohibits a defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the

7

opportunity to seek a determination pursuant to Section 6, and any appeal by the government under Section 7 has been decided or the time for filing an appeal has expired. 18 U.S.C. App. III § 5(a). If the defendant fails to provide the requisite pretrial notice, then the Court may preclude disclosure of any classified information not made the subject of notification, and may prohibit the defendant from examining any witness with respect to such information. *Id.* at § 5(b).

**F.     Section 7:  Interlocutory Appeal**

Section 7 permits the United States to take an interlocutory expedited appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information. *Id.* at § 7. Section 7 requires the court of appeal to give expedited treatment to any such interlocutory appeal. If such appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved. *Id.*  Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court. *Id.* at § 7(b).

**G.     Section 8:  Procedures Governing the Introduction of Classified Information at Pretrial Proceedings or Trial**

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence. *Id.* at § 8. Specifically, Section 8(c) provides a procedure to address issues presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require a witness to disclose classified information. S. Rep. No. 96-823, at 11, *reprinted in* 1980 U.S.C.C.A.N. at 4304. Under Section 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible. 18 U.S.C. App. III § 8(c). Following an objection, the Court "shall take suitable action to determine whether the response is admissible

8

as will safeguard against the compromise of any classified information," including requiring a proffer from the government of the anticipated response and a proffer from the defendant of the information sought to be elicited. *Id.* In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where defense counsel does not realize that the answer to a given question will reveal classified information. *See* S. Rep. No. 96-823, at 11, *reprinted in* 1980 U.S.C.C.A.N. at 4304-05.

**H.     Section 9:  Security Procedures**

Section 9 of CIPA requires the Chief Justice of the United States, in consultation with the Attorney General, the Director of National Intelligence, and the Secretary of Defense, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure. 18 U.S.C. App. III § 9(a).

## GOVERNMENT REQUESTS

**A.     Request for Section 2 Pretrial Conference**

The government has learned that issues relating to classified information have arisen in connection with this case. Accordingly, the government asks the Court to schedule a pretrial conference pursuant to Section 2 of CIPA to establish a discovery and motion schedule relating to any classified information. The government requests that the conference take place as soon as practicable.

The precise amount of classified information that may be discoverable is still being determined. At the section 2 pretrial conference, the government will provide the Court with an estimate of the volume of potentially classified information that may be implicated in this case and an estimate of the time necessary to conduct a complete review of any potentially relevant classified information.

**B.     Request to Designate Classified Information Security Officer ("CISO")**

In anticipation of the issues raised by this notice, the government requests that the Court designate a CISO pursuant to Section 2 of the Revised Security Procedures established under Pub. L. 95-456, 94 Stat. 2025 by the Chief Justice of the United States and promulgated pursuant to Section 9 of CIPA.  That section provides that:

> In any proceeding in a criminal case or appeal therefrom in which classified information is within, or is reasonably expected to be within, the custody of the court, the court will designate a "classified information security officer."  The Attorney General or the Department of Justice Security Officer will recommend to the court a person qualified to serve as a classified information security officer.  This individual will be selected from the Litigation Security Group, Security and Emergency Planning Staff, Department of Justice, to be detailed to the court to serve in a neutral capacity.

Revised Security Procedures established under Publ L. 95-456, 94 Stat. 2025 § 2.  Classified Information Security Officers designated pursuant to this process are responsible for the security of all classified information in the court's custody and assist the court with appropriate security clearances for court staff, as well as the handling and storage of any classified materials including any pleadings or other filings related to CIPA proceedings.

The government requests that the Court designate Daniel O. Hartenstine as the CISO for this case, to perform the duties and responsibilities prescribed for CISOs in the Security Procedures promulgated by the Chief Justice.  Daniel O. Hartenstine is an employee of the Litigation Security Group of the U.S. Department of Justice.  The government further requests that the Court designate the following persons as Alternate CISOs, to serve in the event Daniel O. Hartenstine is unavailable:  Debra M. Guerrero-Randall; Joan B. Kennedy; Maura L. Peterson; Carli V. Rodriguez-Feo; Winfield S. "Scooter" Slade; and Harry J. Rucker III.  Each of these alternate CISOs are also from the Litigation Security Group of the Department of Justice and hold appropriate security clearances.  A draft order regarding the appointments is attached hereto.

**CONCLUSION**

The defendant in this case, Yanjun Xu, also known as Xu Yanjun, Qu Hui, and Zhang Hui, is charged with: (1) conspiring to commit economic espionage, in violation of 18 U.S.C. § 1831; (2) conspiring to commit theft of trade secrets, in violation of 18 U.S.C. § 1832; (3) attempting to commit economic espionage, in violation of 18 U.S.C. §§ 1831(a)(1) and 1831(a(4); and (4) attempting to commit theft of trade secrets, in violation of 18 U.S.C. §§ 1832(a)(1) and 1832(a)(4). Due to the nature of the charges and the expected evidence, the United States anticipates that issues relating to classified information will arise in connection with this case. Accordingly, the United States respectfully moves for a pretrial conference pursuant to Section 2 of CIPA so that the Court may consider preliminary matters relating to classified information. The government also requests the designation of a Classified Information Security Officer to assist the Court and Court personnel in any further matters related to CIPA.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

/s/ *Timothy S. Mangan*
TIMOTHY S. MANGAN (069287)
EMILY N. GLATFELTER (0075576)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711; Fax: (513) 684-6385

THEA D. R. KENDLER
AMY LARSON
Trial Attorneys
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave., NW
Washington, DC 20530

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing Motion was served electronically upon all counsel of record.

                s/Timothy S. Mangan
                TIMOTHY S. MANGAN (069287)
                EMILY N. GLATFELTER (0075576)
                Assistant United States Attorneys

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:18-CR-043 |
| | : | |
| v. | : | Judge Timothy S. Black |
| | : | |
| | : | |
| YANJUN XU, | : | |
| (a/k/a Xu Yanjun, | : | |
| a/k/a Qu Hui, | : | |
| a/k/a Zhang Hui) | : | |

**ORDER DESIGNATING CLASSIFIED INFORMATION SECURITY OFFICERS**

The United States, through its attorney, Benjamin C. Glassman, United States Attorney for the Southern District of Ohio, has filed an agreed motion to designate a Classified Information Security Officer, pursuant to the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA") and Section 2 of the Security Procedures established under Pub. L. 96-456, 94 Stat. 2025 by the Chief Justice of the United States. The Court has been made aware of the potential existence of classified information in the investigative material involved in this case. Federal law now explicitly provides that federal courts must have security procedures for the handling of classified information. *See* Classified Information Procedures Act, Pub. L. No. 96-456, § 9, 94 Stat. 2029 (1980).

Pursuant to paragraph 2 of the Security Procedures established pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the protection of classified information, the Court HEREBY APPOINTS Daniel O. Hartenstine, Security Specialist, for the position of Classified Information Security Officer in the above-entitled matter. The Court FURTHER APPOINTS Debra M. Guerrero-Randall, Joan B. Kennedy, Maura L. Peterson,

13

Carli V. Rodriguez-Feo, Winfield S. "Scooter" Slade, and Harry J. Rucker III as Alternate Court Security Officers in the above-entitled matter.

**SO ORDERED**.

_____
TIMOTHY S. BLACK
United States District Judge