IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:18-CR-0043 |
| v. | : | Judge Timothy S. Black |
| YANJUN XU | : | **AGREED PROTECTIVE ORDER** |
| (a/k/a Xu Yanjun and Qu Hui) | : | **REGARDING NON-CLASSIFIED** |
| | : | **DISCOVERY** |

WHEREAS, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Maryland v. Brady*, 373 U.S. 83 (1963) and its progeny, and 18 U.S.C. § 3500, the government will provide materials to the defendant in the course of the discovery process in this case (hereafter "Discovery Materials"), which may include, but are not limited to, copies of recordings made by witnesses, interviews, reports, photographs, writings, or other materials related to the underlying investigation of this case;

WHEREAS, the government represents that the Discovery Materials include sensitive information, the unrestricted dissemination of which could adversely affect law enforcement interests, national security interests, and the privacy interests of third parties and victims;

WHEREAS, the Discovery Materials may contain proprietary or trade secret information of third parties, or may contain information that is restricted from dissemination or export pursuant to the Arms Export Control Act ("AECA"), 22 U.S.C. § 2778, the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, parts 120-130; the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-1707; and/or the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730-774;

1

WHEREAS, the parties agree that the government has a compelling interest in preventing some of the aforementioned Discovery Materials from being disclosed to anyone not a party to the court proceedings in this matter, as such material may include information relevant to ongoing national security investigations and prosecutions, and such materials may implicate the privacy interests of the defendant and third parties;

WHEREAS, 18 U.S.C. § 1835 requires the Court to enter such orders as are appropriate in order to preserve the confidentiality of trade secrets;

AND WHEREAS, the parties further agree that the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

IT IS ORDERED that:

1. Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the government shall segregate the Discovery Materials into three categories: (1) General Discovery Materials; (2) Sensitive Discovery Materials; and (3) Attorneys' Eyes Only Materials. The category to which particular discovery materials belong shall be clearly identified by the government.

2. General Discovery Materials are defined as documents and other materials that are not otherwise designated as falling into the categories of Sensitive Discovery Materials or Attorney's Eyes Only Materials.

3. Sensitive Discovery Materials are defined as including investigative materials from other countries, materials specific to the identity and background of the defendant or Employee 1, to whom the Indictment refers, or other materials that the government deems

to require the access restrictions defined below based on their relationship to the proprietary information in the context of the investigation giving rise to this matter or both.

4. Attorneys' Eyes Only Materials are defined as including Discovery Materials that came from or is the property of Victim A described in the Indictment, or other materials that the government deems to require the access restrictions defined below.

5. The government shall mark each page of each document and each item provided as Discovery Materials with a unique identifying prefix and number that identifies the category into which the material falls.

6. The "Defense Team" is defined as (i) the defendant; (ii) counsel of record for the defendant and their staff members (associates, paralegals, investigators, litigation support personnel, and legal assistants/secretarial staff) and (iii) experts, translators, interpreters, consultants and investigators retained to assist in the preparation of the defense.

7. Except as provided in this Order, General Discovery Materials can be shared with all members of the Defense Team and may be left in the possession of the Defendant. General Discovery Materials shall not be further disseminated[1] by the Defense Team to any individuals, organizations or other entities outside the Defense Team, except as provided below:

    a. Members of the Defense Team, but not the defendant, may show (but not provide copies of) any General Discovery Materials to witnesses or potential witnesses during the course of their investigation of this case.

---

[1] "Disseminate" means to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

8. Sensitive Discovery Materials shall not be disseminated by anyone other than defense counsel of record, and said dissemination shall be subject to the following restrictions:

   a. Defense counsel of record shall not disseminate Sensitive Discovery Materials to any individuals, organizations, or other entities, other than to members of the Defense Team.

   b. Sensitive Discovery Materials may be shown to the defendant, but such materials may not be left in the possession or custody of the defendant. In addition, the defendant is prohibited from maintaining in his possession any notes, summaries, or other materials derived from Sensitive Discovery Materials, regardless of who prepared the notes.

9. Attorneys' Eyes Only Materials shall not be further disseminated by counsel of record to any individuals, organizations, or other entities, except as provided below:

   a. Counsel of record may disseminate any Attorneys' Eyes Only Materials to their staff members (associates, paralegals, investigators, litigation support personnel, and legal assistants/secretarial staff) assigned to the Defense Team. Counsel of record may <u>not</u> disseminate any of such Attorneys' Eyes Only Materials to the defendant, the experts, translators, interpreters, consultants and investigators assigned to the Defense team, and witnesses or potential witnesses except as provided in paragraph 13, below.

   b. The members of the Defense Team who receive access to the Attorneys' Eyes Only Materials (as described in subparagraph a) must be U.S. citizens. In other words, Attorneys' Eyes Only Materials may not be disseminated to any foreign nationals, even if such individuals are part of the Defense Team.

4

    Failure to abide by the provision may result in violations of the AECA, 22 U.S.C. § 2778, the ITAR, Title 22, Code of Federal Regulations, parts 120-130; IEEPA, 50 U.S.C. §§ 1701-1707; and/or the EAR, 15 C.F.R. §§ 730-774.

  c. Where Attorneys' Eyes Only Material consists of written documents or recorded oral statements or conversations in a language other than English, the government shall provide a written English translation of such documents, statements, or conversations to counsel of record simultaneously.

10. Translations of any Discovery Materials, regardless of which party prepares or produces the translation, and regardless of the language from or to which the Discovery Material is translated, shall automatically inherit the category designation of the item from which it was translated. Accordingly, any translations shall be subject to the same restrictions on dissemination as the original document of which the translation is made.

11. If the parties cannot agree on a designation of any of the Discovery Materials, the defendant, through counsel of record, may seek relief from the government's designation (or a re-designation) as to a particular item of discovery by filing a motion with the Court. The government shall be given an opportunity to respond to the motion. Once the motion is filed, no further dissemination of the item(s) shall be made until after the Court rules on the motion and, if applicable, after the time for an interlocutory appeal under 18 U.S.C. § 1835 has expired.

12. Pursuant to the procedures in 18 U.S.C. § 1835, the owner of any trade secret (and only the rightful and exclusive owner) may also contest the disclosure or designation of any item that contains information that is or purports to be trade secret information.

13. Failure to mark any Discovery Materials as Sensitive Discovery Materials or Attorneys' Eyes Only Materials is not an admission that the information contained therein is not, in fact, proprietary or trade secret information for purposes of trial.

14. Notice of proposed dissemination to government and defense experts or translators of any Discovery Materials in the Sensitive Discovery Materials and Attorneys' Eyes Only Materials categories shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

15. Each member of the Defense Team to whom disclosure is made pursuant to the terms of this Order shall be provided a copy of this Order and will be advised that he or she shall not further disseminate the materials, except as provided herein. No Discovery Materials shall be disseminated to any member of the Defense Team, as defined above, expert witness or translator retained by the Defense Team, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal. The substitution, departure, or removal for any reason from this case of counsel for the defendant, expert witness, translator, or anyone associated with the Defense Team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order. Additionally, any Discovery Materials, including copies and notes, within the possession of a former member of the Defense Team shall be immediately returned to defense counsel of record.

16. Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place, such that the Discovery Materials cannot be accessed by others not on the Defense Team.

17. The Discovery Materials in this case are now and will forever remain the property of the United States Government. Upon written request of the Government, all Discovery Materials not previously destroyed shall be returned to the Government or shall be returned or disposed of as otherwise instructed by the Government. Absent any such request, all Discovery Materials shall be destroyed promptly at the conclusion of the case.

18. All Discovery Materials are to be provided to counsel of record for the defendant, and used by the defendant and the Defense Team solely for the purpose of allowing the defendant to prepare his defense. The defendant and Defense Team shall not make, or participate in the making of, any extrajudicial disclosure of Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain.

19. The government is responsible for correctly identifying into which of the above categories it believes the Discovery Materials fall. The government is also responsible for properly marking the Discovery Materials in a clear manner to identify the category in which the Discovery Materials were placed by the government. The defendant and the Defense Team may rely on the government's designated or re-designated category identifications of the Discovery unless and until modified by the Court's order. Moreover, the Defense Team has no obligation to determine the category into which the Discovery Materials belong or may belong. However, defense counsel of record shall, in good faith,

inform the government of any Discovery Materials which the government has entirely failed to mark, and the Defense Team shall refrain from dissemination of said discovery until the government has identified the item's category and marked the item as such.

20. Notwithstanding any other provision of this or any other Protective Order that may be entered by the Court, the disclosure or discovery of materials that may be submitted to the Court in connection with any litigation related to the Foreign Intelligence Surveillance Act (FISA) (50 U.S.C. §§ 1801-1885), including but not limited to any FISA applications, orders, or related materials, shall be governed by FISA.

21. This Order does not apply to any classified materials related to this case. Any papers filed by the government pursuant to CIPA, containing classified information, shall be filed under seal and *ex parte* with the Court through the Classified Information Security Officer or a designee of the Court's choosing who possesses the necessary security clearance and shall be governed by the provisions of CIPA. Counsel for the defendant shall be notified of any CIPA filing and the general nature of such filing. Any classified materials that the Court determines under CIPA may be released to the defendant and/or his counsel as discovery will then be subject to this Order. The government shall place such discovery in the appropriate category in accordance with the criteria set forth above, so mark it, and timely provide it to the defendant and/or his counsel as appropriate.

22. Nothing in this Order shall preclude the government or the defendant from seeking a further Protective Order pursuant to Rule 16(d) as to particular items of Discovery Materials. This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

**SO ORDERED:**

| November 14, 2018 | *Timothy S. Black* (signature) |
|---|---|
| DATE | HONORABLE TIMOTHY S. BLACK |
| | UNITED STATES DISTRICT COURT |
| | SOUTHERN DISTRICT OF OHIO |

**SO STIPULATED:**

DATED: Nov. 14, 2018              */s/ Ralph W. Kohnen*
                                                     RALPH W. KOHNEN
                                                     JEANNE M. CORS
                                                      ROBERT K. McBRIDE
                                                     *Counsel for Defendant*

DATED: Nov. 14, 2018              *s/ Timothy S. Mangan*
                                                       TIMOTHY S. MANGAN
                                                     EMILY N. GLATFELTER
                                                     Assistant United States Attorneys

Appendix A

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he (she) has read the Protective Order entered in the United States District Court for the Southern District of Ohio in the case captioned <u>United States v. Yanjun Xu</u>, Criminal No. 1:18-cr-043, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any documents or information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED: _____      BY: _____
                                            (type or print name)

                              SIGNED: _____