IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:18-CR-0043 |
| | : | |
| v. | : | Judge Timothy S. Black |
| | : | |
| YANJUN XU | : | **GOVERNMENT'S OBJECTION** |
| (a/k/a Xu Yanjun and Qu Hui) | : | **TO NOTICE OF EMPLOYMENT** |
| | : | **OF CONSULTANT** |

Defendant Yanjun Xu, through counsel, has filed a Motion for Leave to File a Notice of Employment of a Consultant. (R. 34.) The proposed Notice will identify a "consultant" to be added to the "Defense Team," as that term is defined in the Protective Order. The parties conducted a telephone conference with the Court on February 14, 2019. For the reasons stated during the phone conference, as well as the reasons set forth below, the Government objects to the disclosure of Discovery Materials to the individual identified as the potential consultant.

It is the Government's understanding that the defense intends to identify a citizen and resident of the People's Republic of China ("PRC") as its consultant. By designating the PRC citizen as a "consultant" under the Protective Order, the defense would then be permitted under the terms of the Protective Order to disseminate all discovery in the General and Sensitive categories to the individual, whether in person, electronically, or by phone. In effect, this would create a loophole by which all discovery in the General and Sensitive categories would be made known to this PRC citizen residing in the PRC. This proposal by the defense fundamentally undermines the purpose, intent, and spirit of the Protective Order from the government's perspective.

The nature of this case is unique, in that the Defendant is alleged to have committed espionage crimes while working for and on behalf of a foreign nation. Naturally, the Discovery

Materials include items of great interest to the PRC government. For that reason, the Protective Order was written to create appropriate limitations on the dissemination of the Discovery Materials. The dissemination of the Discovery Materials to a PRC citizen within the PRC (whether through documents or verbal communications), creates an obvious and unacceptable risk that the information would end up in the hands of the PRC government. Therefore, the Government objects to the disclosure of any Discovery Materials to individuals who are PRC citizens or living in the PRC.

The fact that the individual would sign the Protective Order Acknowledgement is of no comfort. First, once the information is in China, it is probable that the information would be obtained by the PRC government whether the individual intends to disclose it or not. Second, it would be difficult, perhaps impossible, to discover any improper disclosure of the discovery information within China. And third, even if such improper disclosure were discovered, the Government and this Court would be hard pressed to enforce any meaningful sanction on the individual in the context of these case proceedings.

To be clear, the Government has no objection to the Defendant using this PRC citizen as a consultant or investigator in the PRC, working at the direction of defense counsel. The Defendant can employ whomever he desires on his Defense Team. Rather, the Government objects to the PRC citizen being listed as a consultant under the Protective Order, which would permit the disclosure of any Discovery Materials to the individual.

There is no reason that the PRC citizen has to be designated as a consultant under the Protective Order, with access to discovery, to perform the tasks that defense counsel identified for the Court. The defense would still be able to provide tasks and direction to the individual for the purposes of investigation and consultation. It simply should not be permitted to give the PRC

citizen access to the Discovery Materials. If the defense feels that it needs to retain an individual to conduct investigative activities within the PRC, the defense could easily assign such tasks without providing the person in the PRC with access to or copies of the Discovery Materials under the Protective Order.

Lastly, the defense has suggested that the individual would not receive physical copies of the Discovery Materials. He would instead review the materials in the United States and/or receive information verbally regarding the Discovery Materials. For the reasons set forth above, this is not an acceptable alternative. It still results in the information from the Discovery Materials being transmitted into the PRC, which will likely lead to the information being disclosed to the PRC government in short order. If the Court is inclined to accept the defense's proposal, the Government requests that such limitations be memorialized through formal revisions to the Protective Order. Otherwise, the language of the Protective Order would be inconsistent on its face with the representations or understanding offered by the defense team.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

*s/Timothy S. Mangan*
TIMOTHY S. MANGAN (0069287)
EMILY GLATFELTER
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: timothy.mangan@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Government's Objection* has been electronically served via the Court's CM/ECF system upon defense counsel, this 14th day of February, 2019.

*s/Timothy S. Mangan*
TIMOTHY S. MANGAN (0069287)
Assistant United States Attorney