**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 1:18-CR-0043** |
| | : | |
| **v.** | : | **Judge Timothy S. Black** |
| | : | |
| **YANJUN XU** | : | **UNITED STATES' MEMORANDUM** |
| **(a/k/a Xu Yanjun and Qu Hui)** | : | **IN OPPOSITION TO DEFENDANT'S** |
| | : | **MOTION FOR BILL OF** |
| | : | **PARTICULARS REGARDING** |
| | : | **COUNTS 1 AND 2** |
| | | |
| | | <u>**Partial Redactions Under Seal**</u> |

---

Defendant Yanjun Xu has filed a motion requesting a bill of particulars, pursuant to Rule

7(f) of the Federal Rules of Criminal Procedure. As explained below, the Court should deny the

defendant's motion because it is untimely, and. given the details provided in the Indictment and

discovery, a bill of particulars is unwarranted.

## I. DEFENDANT'S MOTION IS UNTIMELY.

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, a defendant may move

for a bill of particulars "before or within 14 days after arraignment or at a later time if the court

permits." The Indictment was unsealed on October 10, 2018, the same day that Defendant Xu had

his initial appearance in the Southern District of Ohio. Defendant Xu's arraignment occurred on

October 12, 2018. The Defendant's Motion for Bill of Particulars was filed on September 11,

2019, approximately 11 months after his arraignment. The motion is therefore untimely and may

only be filed by leave of Court.

Bear in mind, a bill of particulars is designed only to address a perceived deficiency in the Indictment.  The defense had many months to review the Indictment before filing its motion – and with the benefit of thousands of pages of discovery.  If the motion is truly rooted in the law of Rule 7(f) – and relates solely to the language of the charges – then there is no justification for delay in bringing the motion.  The defense claims a lack of certainty relating to the charged conspiracy.  If that is true, then the issue is based on the face of the Indictment and there was no need for the eleven-month delay in raising this motion.  Therefore, the motion should be denied as untimely.

## II.    THERE IS NO BASIS FOR A BILL OF PARTICULARS.

### A.    The Law Regarding Motions for a Bill of Particulars.

If appropriate, a bill of particulars is designed: (1) to inform the defendant of the nature of the charges so that the defendant can adequately prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if later charged with the same crime when the indictment itself is too vague and indefinite for such purposes.  *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).  A bill of particulars is required only where the defendant would suffer "actual surprise and substantial prejudice" at trial. *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991); *accord, United States v. Phibbs*, 999 F.2d 1053 (6th Cir. 1993).  Any claimed surprise or prejudice is determined by examining the indictment and the other facts known to the defendants, from whatever source.  *See Phibbs*, 999 F.2d at 1086, *Rey*, 923 F.2d at 1222.

A defendant, however, has "no unconditional right to a bill [of particulars]." *United States v. Bales*, 813 F.2d 1289, 1294 (4th Cir. 1987).  Rather, the decision to order a bill of particulars is left to the sound discretion of the trial court.  *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).  A court has the discretion to deny a bill of particulars in light of a sufficiently-detailed

indictment, which states the elements of the offense charged, notifies the defendant of what he or she must be prepared to meet, and permits the defendant to plead double jeopardy later. *Id.*; *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 579 (6th Cir. 2002).

Importantly, a bill of particulars is not a discovery tool and should not be used as such. *Salisbury*, 983 F.2d at 1375; *United States v. Martin*, 1987 WL 38036, *3 (6th Cir. 1987).  The Sixth Circuit has repeatedly cautioned that a bill of particulars is "not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (finding no abuse of discretion in trial court's denial of motion for bill of particulars) (*quoting Salisbury*, 983 F.2d at 1375).  Similarly, a bill of particulars is also not the proper tool to compel disclosure of all of the government's trial strategies. *United States v. Haynor*, 2012 WL 5342410, *4 (S.D. Ohio 2012).

In the context of conspiracy charges, the Sixth Circuit has upheld the denial of a bill of particulars related to the identity of co-conspirators, explaining that "[a] defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction." *E.g. Rey*, 923 F.2d at 1222.  After all, it is "the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet." *Id.* (*quoting United States v. Piccolo,* 723 F.2d 1234, 1239 (6th Cir. 1983).

Notably, full access to discovery weakens the case for a bill of particulars.  *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014); *see also Haynor*, 2012 WL 5342410, *4 (denying motion for bill of particulars; finding indictment combined with government disclosures sufficiently apprised defendants of nature and basis of charges).

**B.  The Indictment Properly Articulates the Conspiratorial Agreements.**

Defendant Xu argues that the Indictment in this case does not articulate the conspiratorial agreements.  That is simply not true.  There are two parallel, but distinct, conspiracies alleged in the Indictment.  Count 1 of the Indictment alleges that defendant Xu engaged in a conspiracy to commit economic espionage, in violation of Section 1831.  Count 1 alleges that the conspiracy was conducted to benefit foreign agents, namely Xu and other Ministry of State Security ("MSS") officers, the Nanjing University of Aeronautics and Astronomics ("NUAA"); and the People's Republic of China. (Indictment, ¶¶ 11-14.)  Count 2 alleges that defendant Xu engaged in a similar conspiracy to steal trade secrets, in violation of Section 1832.  *Id*. at ¶¶ 15-18.  As stated in the Indictment, both conspiracies occurred from 2013 to at least April 1, 2018.  *Id*. at ¶¶ 12, 16.

The object of the conspiracies was to obtain technical aviation information, including trade secrets, from non-Chinese companies and countries.  This objective is described in detail throughout the Indictment.  It is alleged that one of Xu's job duties on behalf of the MSS was to obtain technical information, including trade secrets from aviation and aerospace companies in the United States and Europe.  (Indictment, ¶ 3.)  To that end, Xu and the co-conspirators worked together to identify certain aviation technology that was desired by the Chinese government and associated aviation entities and universities.  *Id*. at ¶ 13(a).  The co-conspirators actively selected and targeted companies that are leaders in the field of aviation technology in the United States, including in the Southern District of Ohio, and around the world. *Id*. at ¶ 13(b).  Xu and the co-conspirators also solicited, recruited, and paid engineering experts to provide technical information regarding aviation technology, including trade secret information.  *Id*. at ¶ 13(h).  The conspirators then used the stolen trade secret information for the Chinese government, as well as associated academic and commercial aviation entities, to the detriment of the owner of the trade secrets. *Id*.

4

at ¶ 13(k).  Thus, the Indictment sufficiently articulates the conspiratorial agreement to steal aviation trade secrets from foreign aviation companies and countries.

Defendant Xu argues that Counts 1 and 2 describe improper "rimless wheel" conspiracies.[1] The defense maintains that the co-conspirators – C.F., Xu's MSS's colleagues, and the individuals in Xu's 2013-2014 communications – do not know each other and did not agree to the same conspiratorial objective.  (Motion for Bill of Particulars, p. 6.)  But that is the defense's theory; that is not what the Indictment states.  The Indictment repeatedly refers to the actions taken by Xu *and the other co-conspirators* towards the objective of obtaining aviation trade secrets.  The government intends to prove at trial, consistent with the Indictment, that Xu conspired with other members of the MSS and entities affiliated with the Chinese government who work with the MSS, such as Jiangsu Science & Technology Promotion Association ("JAST"), Aviation Industries of China ("AVIC"), and NUAA.  (Indictment, ¶¶ 3-4, 12, 14(f, k)).

In addition to the specificity of the Indictment, the government has provided the defense with thousands of pages of discovery, which contain many of the communications between these individuals.  For example, the government has provided the defendant with hundreds of pages of messages/chats/communications the defendant exchanged with co-conspirators about potential co-optees, meetings with potential co-optees, materials from co-optees, and aliases used in interacting with potential co-optees.

As is shown in the discovery and will be presented at trial, conspirators knew each other, communicated with each other, and worked with each other towards the illegal conspiratorial objectives.  For example, the Indictment describes, C.F., who is one of the co-conspirators at

---

[1] This argument is further discussed in the Government's Memorandum in Opposition to the Defendant's Motion to Dismiss, filed separately.

NUAA, who participated in the conspiracy, and was aware of the methods employed by MSS, and fully participated in the MSS's "exchange" recruitment strategies to illicitly acquire aviation technology. *Id*. at ¶¶ 5, 12, 13(c, e, i), 14(c-k), 16.

Thus, the Indictment sufficiently sets forth a common, unifying objective among the co-conspirators to illegally obtain aviation trade secrets from non-Chinese companies and countries. As such, there is no "rimless wheel" issue with the Indictment. Counts 1 and 2 each set forth a single conspiracy towards that illegal objective.

Defendant Xu also complains that the Indictment does not pinpoint "the date when Employee 1 began cooperating with the government." Rule 7(f) does not require an Indictment to identify any potential individuals who cooperated in the investigation, much less pinpoint the timing of the alleged cooperation. A bill of particulars is *not* a discovery tool. *Salisbury*, 983 F.2d at 1375. A bill of particulars is "not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Crayton*, 357 F.3d at 568 (quoting *Salisbury*, 983 F.2d at 1375). The Indictment properly sets forth the conspiratorial agreements and, combined with the discovery, allows the defense to avoid any undue surprise. Accordingly, a bill of particulars is not warranted.

C. **An Indictment Does Not Need to Identify Co-conspirators.**

Defendant Xu claims that the Indictment fails to identify the co-conspirators, and therefore a bill of particulars is required. As to the co-conspirators, the Indictment identifies co-conspirator C.F., and others known and unknown to the grand jury.[2] The Indictment further explains that Xu

---

[2] The defense team is aware of the identity of C.F. through the discovery. Defendant's Motion, page 10. The Indictment also describes the role of C.F. (a deputy director at a Chinese university called NUAA) in the recruitment of Employee 1.

worked with other MSS officers to accomplish the goals of the conspiracies, namely, to obtain trade secrets from aviation companies.

Defendant Xu claims that the Indictment must identify *all* co-conspirators for all relevant time periods, citing several cases outside the Sixth Circuit for that proposition. (Def. Br. at 8). But that is not the law in the Sixth Circuit.

The Sixth Circuit has made clear that a motion for a bill of particulars cannot be used to discover the identity of co-conspirators, as long as "the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges." *Rey*, 923 F.2d at 1227. The law only requires that the defendant be apprised of the conspiracy, not of the names of the conspirators. *Rey*, 923 F.2d at 1227; *see also*, *United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir. 1976) (a bill of particulars cannot be used to obtain a list of government witnesses).

The Sixth Circuit has repeated this principle in several cases. *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014)(upholding the denial of defendant's motion for a bill of particulars identifying co-conspirators); (*citing Crayton*, 357 F.3d at 568 (*citing Rey*). These three Sixth Circuit cases – *Page*, *Crayton*, and *Rey* – were not cited by the defense.

While the defendant cites several other Sixth Circuit cases (*Mills, Sims, and Dempsey*), these cases do not undermine – or even address – the principle set forth in *Page*, *Crayton*, and *Rey*. Rather, these cases refer to trial court proceedings below in which the names of co-conspirators were disclosed. None of these cases address the central question here – *i.e.*, whether a government is required to provide the names of co-conspirators via a bill of particulars. As repeated by the Sixth Circuit in *Page*, *Crayton*, and *Rey*, the government is not obliged to provide the names of co-conspirators in an Indictment or through a bill of particulars.

Last, full access to discovery weakens the case for a bill of particulars. *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014), *citing*, *United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005).  Details regarding Defendant Xu's co-conspirators are provided throughout the discovery.

Given this full disclosure of Xu's communications throughout the time period of the conspiracies, there is no basis to require a bill of particulars.

### D. The Indictment Sufficiently Identifies the Location and Timing of the Conspiracies.

Defendant Xu argues that Counts 1 and 2 of the Indictment do not specify the exact location and timing of the conspiracies.  First, there is a temporal limitation in the Indictment.  For both Counts, it is alleged that Xu conspired to obtain trade secret information from aviation companies from 2013 through April 1, 2018.

As to the "location" of the conspiracies, Rule 7 does not entitle a defendant to learn all overt acts that might be proven, or the names of all co-conspirators. *Salisbury*, 983 F.2d at 1375; *Rey*, 923 F.2d at 1227.  A bill of particulars is not designed or intended to explain every aspect of the case and evidence to the defense.

The Indictment describes in detail some of the tactics used by Xu and the others to accomplish this illicit objective.  Xu and others used aliases and cover entities to arrange for purported "exchanges," which were used to recruit technical experts, wittingly or unwittingly, in furtherance of this conspiracy.  (Indictment, ¶ 3.)  As one example of the charged conspiracies, the

Indictment explains the steps taken between Xu, C.F., and Employee 1 of Company A to accomplish the theft of trade secrets from Company A. But the actions towards Company A are not the only overt acts that the co-conspirators took on behalf of the conspiracies. And, indeed, an indictment is not required to list every overt act in the conspiracy. *Salisbury*, 983 F.2d at 1375.

With that said, the discovery provided to the defense in this case disclosed many, critical overt acts that Xu and others committed in furtherance of the conspiracies. For example, during the time period alleged in the Indictment:

1. Xu and others at MSS recruited and solicited individuals who work at U.S. and European aviation companies, including Company A, for the "exchanges" described in the Indictment. The purpose was to recruit the aviation employees to travel to China and to provide proprietary information, either wittingly or unwittingly, regarding their employer's aviation technology.

2. During several of the presentations or "exchange" visits by the aviation employees to China, Xu conspired with others in the MSS to execute covert, undercover intrusions on the computers that the aviation employees brought to China.





All of these incidents are overt acts in furtherance of the same conspiracy by Xu, the MSS, and other co-conspirators to obtain aviation trade secrets through illicit means.  These acts are described in detail -- often through Defendant Xu's own words -- in the discovery many provided to the defense.

As explained above, a bill of particulars is not the proper tool to compel disclosure of all of the government's evidence or its trial strategies.  *Haynor*, 2012 WL 5342410, *4.  The full access to discovery – as in this case -- weakens the defendant's claim for a bill of particulars. *Page*, 575 F. App'x at 643.  Given the discovery that has been provided to the defense and the detailed language in the Indictment, there is no basis for a bill of particulars to identify the "location and timing" of the conspiracies.

### E.  CONCLUSION.

For the reasons set forth above, the government requests that the Court deny Defendant Yanjun Xu's motion for a bill of particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney


*s/Timothy S. Mangan*
EMILY GLATFELTER
TIMOTHY S. MANGAN (0069287)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: timothy.mangan@usdoj.gov


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Court's CM/ECF system upon defense counsel, this 6th day of December, 2019.


*s/Timothy S. Mangan*
TIMOTHY S. MANGAN (0069287)
Assistant United States Attorney