# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-cr-00043 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| v. | : | |
| | : | **DEFENDANT'S SUR-REPLY** |
| YANJUN XU, | : | **REGARDING THE GOVERNMENT'S** |
| a/k/a Xu Yanjun, | : | **DISCOVERY EXHIBITS** |
| a/k/a Qu Hui, | : | |
| a/k/a Zhang Hui, | : | |
| | : | |
| Defendant. | : | |

As Mr. Xu outlined in the motions for a Bill of Particulars and for Disclosure of *Brady*, *Giglio*, and Jencks Act Materials, the volume of untranslated discovery in this case creates a number of significant obstacles to preparing a defense. The UFED reports and indexes the government submitted to the Court as exhibits during the January 22, 2020 status conference do not alleviate these obstacles.

The UFED reader for each device enables defense counsel to view and engage in limited manipulation of the untranslated Mandarin-language data. There is a separate report for each device from which the government pulled data. The indexes identify the sources and general categories of information provided in each tier of discovery and allow defense counsel to locate the original text of the government's translated, inculpatory materials. But the translated, inculpatory materials and underlying Mandarin-language text are not the problem; that material has been translated into a language counsel can read.

The primary obstacles defense counsel are encountering relate to the trove of untranslated materials and, with respect to those materials, the indexes and UFED readers are not helpful

guides. The UFED data is not Bates labeled. If Mr. Xu wants to identify a conversation or other information for counsel to review, he must provide a detailed file path (e.g. Open the iPhone 5, go to "Chats," open a conversation. . .), and then describe in detail where in the conversation or document the potentially relevant information is located. That process may suffice for a chat that is a few lines long. But for conversations involving larger volumes of text, it would be difficult at best for Mr. Xu to pinpoint where in a Mandarin conversation his attorneys should begin reading when they do not speak or read Mandarin.

    Nor can Mr. Xu and his counsel coordinate their review by tagging documents, as one might in a typical discovery and document management program. Take Relativity for example. Typically, client and counsel are operating within the same Relativity account, so if one person tags a particular document as "Relevant" or "Exculpatory," that tag appears for anyone to see who opens the document in the common account. In the same fashion, if one party makes notes on a given document, anyone accessing the account can see the notes.

    In contrast, Mr. Xu and defense counsel are working from separate, stand-alone databases that are not linked and may not be linked due to Bureau of Prisons ("BOP") restrictions.  If defense counsel tags a document as potentially relevant or makes a note, its tag or note appears only on defense counsel's set of documents.  The same is true for the data Mr. Xu is reviewing, which is housed on a stand-alone computer.  Thus, there is no practical way for Mr. Xu and his counsel to communicate and coordinate their review of the untranslated criminal discovery and identify potentially relevant information to each other.

    Nor is there a practical method for Mr. Xu to search his database with search terms and provide the results of the searches to defense counsel.  Even if Mr. Xu could be trained to run such searches (and he and his team had the necessary information to formulate search terms),

BOP policy does not permit Mr. Xu to load electronic materials (including search results) onto a flash drive or other device and provide it to defense counsel.

These hurdles leave defense counsel relying on the admirable and diligent work of one translator to review and search the UFED data, because she is the only person who can both access defense counsel's copy of the criminal discovery and read the Mandarin-language materials.  While in theory defense counsel could tell the translator (in English) what to search for in the UFED reports, she would then have to determine which Mandarin characters would match that search, run the search, and translate the results into English for counsel to review.[1] But that process presents something of a chicken-and-egg problem; counsel can offer only limited direction for searching the UFED data without a clear idea of the contents of the data and the government's theory of the case (issues addressed fully in Mr. Xu's pending motions). The only other option is to put the translator in the driver's seat in the search for exculpatory information. But she is neither trained nor licensed to make legal judgments about what is and is not relevant or exculpatory information.

In short, while the UFED readers and indexes provided by the government are helpful, they do not solve the underlying problems that are precluding Mr. Xu and his counsel from effectively reviewing the untranslated data for exculpatory material.

---

[1] Creating search terms using Chinese characters is far more complex than creating search terms in English.  For example, a single name could be represented by multiple characters, each of which may have a wide variety of potential character combinations derived phonetically and in combination with its relative meaning.

Respectfully submitted,

*/s/ Jeanne M. Cors*
Ralph W. Kohnen (0034418)
Jeanne M. Cors (0070660)
Robert K. McBride *(pro hac vice)*
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Telephone: (513) 381-2838
Fax: (513) 381-0205
kohnen@taftlaw.com
cors@taftlaw.com
rmcbride@taftlaw.com

COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 5, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties in this case by operation of the Court's CM/ECF system. Parties may access this filing through the Court's system.

                                                         */s/ Jeanne M. Cors*