# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Case No. 1:18-cr-00043 |
| Plaintiff, | : Judge Timothy S. Black |
| v. | : |
| YANJUN XU, | : **MOTION FOR TRANSFER OF** |
| a/k/a Xu Yanjun, | : **PRETRIAL DETAINEE UNDER** |
| a/k/a Qu Hui, | : **COURT SUPERVISION** |
| a/k/a Zhang Hui, | : **(ORAL ARGUMENT REQUESTED)** |
| | : **(FILED UNDER SEAL)** |
| Defendant. | : |

Pursuant to the Court's supervisory authority under 18 U.S.C. §§ 3141, 3142 and 3145 and its inherent authority to manage the criminal cases pending before it, Defendant Yanjun Xu ("Defendant"), by and through counsel, hereby moves the Court for an Order transferring him from FCI Milan to a detention facility located in the vicinity of Cincinnati, Ohio (preferably FMC Lexington) that is not experiencing outbreaks of Covid-19.

In light of the severe outbreaks of Covid-19 in the Detroit, Michigan area and at FCI Milan specifically, Defendant's transfer out of FCI Milan and the State of Michigan is necessary to protect his ongoing health and ensure that he has adequate access to counsel in the coming months to prepare for his January 2021 trial.

WHEREFORE, Defendant respectfully requests that the Court grant this Motion and order the U.S. Marshal's Service to immediately transfer Defendant to a detention facility located in the vicinity of Cincinnati that can more effectively ensure his health and safety.

27085842.1

Respectfully submitted,

*/s/ Ralph W. Kohnen*
Ralph W. Kohnen (0034418)
Jeanne M. Cors (0070660)
Robert K. McBride *(pro hac vice)*
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Telephone: (513) 381-2838
Fax: (513) 381-0205
kohnen@taftlaw.com
cors@taftlaw.com
rmcbride@taftlaw.com

COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties in this case by operation of the Court's CM/ECF system. Parties may access this filing through the Court's system.

*/s/ Ralph W. Kohnen*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-cr-00043 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| v. | : | |
| | : | **MEMORANDUM IN SUPPORT OF** |
| YANJUN XU, | : | **MOTION FOR TRANSFER OF** |
| a/k/a Xu Yanjun, | : | **PRETRIAL DETAINEE UNDER** |
| a/k/a Qu Hui, | : | **COURT SUPERVISION** |
| a/k/a Zhang Hui, | : | |
| | : | **(FILED UNDER SEAL)** |
| Defendant. | : | |

FCI Milan and Southern Michigan in general are experiencing some of the worst outbreaks of Covid-19 in the country.[1] Efforts to contain the spread of the virus at FCI Milan have failed and the number of positive cases among inmates continues to increase at an alarming rate. On April 19, 2020, BOP reported 23 inmates and 34 staff at FCI Milan had tested positive for Covid-19, placing FCI Milan within the top 10 worst outbreaks within the BOP system. As of April 21, 2020, the number of positive cases among inmates at FCI Milan nearly doubled to 39 and the number of staff testing positive increased to 42.[2]

---

[1] As of April 21, 2020, Michigan reported the fourth highest total number of COVID-19 cases among the 50 states (32,967). *See* https://www.michigan.gov/coronavirus/0,9753,7-406-98163_98173---,00.html. The greatest number of reported cases are concentrated in the Southern portion of the state in the Detroit metro area and surrounding counties, including: Wayne (14,255 cases and 1,278 deaths (including Detroit)), Oakland (6,306 cases and 506 deaths), Genesee (1,298 cases and 131 deaths), and Macomb (4,544 cases and 445 deaths). *See* https://www.michigan.gov/coronavirus/0,9753,7-406-98163_98173---,00.html and https://www.bridgemi.com/michigan-coronavirus-dashboard-cases-deaths-and-maps. Milan, Michigan is located in Washtenaw and Monroe Counties which abut Wayne, Oakland, and Genesee Counties. As of April 21, 2020, Washtenaw County where FCI Milan is located reported 900 confirmed cases and 38 deaths; Monroe County reported 241 confirmed cases and 10 deaths. *Id.*

[2] The most current statistical information by BOP facility may be found at https://www.bop.gov/coronavirus/.

27086030.1



**ARGUMENT**

**1. This Court has direct supervision over Mr. Xu and may take all steps necessary to protect his health and safety.**

Pursuant to 18 U.S.C. § 3142 and this Court's Order of Detention dated October 12, 2018 (Doc. 21), Mr. Xu was detained pretrial and placed under the supervision and care of the U.S. Marshal's Service. The Marshal's Service in consultation with the Bureau of Prisons ultimately decided to house Mr. Xu in the Special Housing Unit at FCI Milan.

Pretrial detainees, even when housed in a BOP facility, hold a legal status separate and distinct from general inmates. Unlike inmates who have been convicted of a crime, pretrial detainees have not been convicted of a crime, are presumed innocent and may not be subjected to "punishment" during the term of their pretrial detention. The special status afforded pretrial detainees is reflected in the federal detainer statute, which specifically provides that a pretrial detainee who is committed to the custody of the Marshal's Service for confinement in a corrections facility be held "separate" from inmates awaiting or serving sentences. *See* 18 U.S.C. § 3142(i)(2); *see also* Legal Resource Guide to the Bureau of Prisons 2019 ("To the extent practicable, pretrial inmates in BOP facilities are separated from sentenced inmates, in accordance with 18 U.S.C. § 3142(i)(2).").

27086030.1

As a pretrial detainee detained pursuant to this Court's Order, Mr. Xu remains under the direct supervision and care of the presiding District Court Judge and the Court. The Court's continuing supervisory authority over Mr. Xu and his conditions of detention derive both from the Court's inherent authority to ensure that Mr. Xu's constitutional rights are protected, including those rights guaranteed by the Sixth, Eighth and Fourteenth Amendments, and the express statutory provisions set forth in 18 U.S.C. § 3141, *et seq. See, e.g., United States v. Wallen*, 177 F. Supp. 2d 455, 458–59 (D. Md. 2001) (recognizing the authority of the presiding judge to enter orders necessary to protect persons detained by its authority); 18 U.S.C. § 3142(f)(2) (granting presiding judge authority to reopen detention hearing); 18 U.S.C. § 3142(i)(3) (granting presiding judge authority to ensure that the detainee is afforded reasonable opportunity for private consultation with counsel); 18 U.S.C. § 3145(b) (expressly authorizing a detainee to file a motion to modify an order of detention and directing that the motion "shall" be determined promptly).

Pursuant to the Court's continuing authority to supervise Mr. Xu and his care, this Court may take all necessary actions, up to and including an order for release or transfer, to remove him from an unsafe environment and ensure that his constitutional rights are protected. *See, e.g., United States v. Williams*, No. 3:09-00090, 2009 WL 4824940, *2 (M.D. Tenn. Oct. 26, 2009) ("[T]he Court has the authority under the Bail Reform Act, 18 U.S.C. § 3141, *et seq.* to make decisions regarding the detention or release of individuals awaiting trial…."); *United States v. Wallen*, 177 F. Supp. 2d at 458–59.[3]

---

[3] Given the extraordinary and urgent threat posed by the Covid-19 epidemic, many federal courts have recently held that, even where applicable, administrative exhaustion requirements are appropriately waived as futile. *See, e.g., United States v. McCarthy*, Nos. 3:17-CR-0230 (JCH), 3:92-CR-0070 (JCH), 2020 WL 1698732, *4 (D. Conn. Apr. 8, 2020) (excusing exhaustion requirement because "[e]ven a few weeks' delay carries the risk of catastrophic health consequences" for prisoner in high risk group); *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL

The defendant in *Williams* moved the court for an order transferring him out of a county facility that he alleged provided inadequate nutrition, medical care and hygiene. In ordering the defendant's transfer to protect his health and safety, the court relied on its authority under the Bail Reform Act. *Williams*, 2009 WL 4824940 at *2 citing 18 U.S.C. § 3141, *et seq*. In its decision, the court also referenced its prior order in which it flatly rejected the government's contention that the defendant's conditions of confinement were not relevant in the criminal case.

> As for the Government's next contention, the Court finds that the conditions of the Defendant's confinement are relevant in this criminal case because those conditions can impede his ability to assist in his defense. The conditions can also affect his ability to make a knowing, intelligent and voluntary decision to go to trial or enter a guilty plea. … Finally, the Court has the inherent power to supervise the conditions of the pretrial detention it has ordered.

*Williams*, No. 3:09-00090 (M.D. Tenn.) Order dated Sept. 4, 2009, Dkt. No. 52, at p. 2 (decision regarding the Motion of the United States to Limit Scope of Evidentiary Hearing and Require Defendant to Allege Specific Claims and Injuries and State Requests for Relief (Dkt. No. 25)).

Similarly in *Wallen*, the court ordered the U.S. Marshal's Service to transfer the defendant out of the facility where he was being housed due to inadequate medical care. In so ordering, the court noted that while under normal circumstances it is for the Marshal to determine the *place* of detention, the presiding District Court Judge has the inherent authority to enter orders necessary to protect persons detained by his/her authority from potentially life-threatening conditions. *Wallen*, 177 F. Supp. 2d at 456 n. 2, 459.

## 2. Mr. Xu's continued detention at FCI Milan constitutes an immediate threat to his health and safety.

[redacted]

---

1659880, *4 (S.D.N.Y. Apr. 3, 2020) (waiving exhaustion requirement, given defendant's advanced age, health conditions putting him in a high risk group for complications and death resulting from COVID-19, and fact that he was in a detention facility where prisoners live in crowded conditions).

There are many BOP facilities, including FMC Lexington, that are not experiencing Covid-19 outbreaks of the magnitude and scale being experienced at FCI Milan. Transfer to a facility such as FMC Lexington would both minimize Mr. Xu's risk █████████████████████████████████████████████████████████████████████ █████.

### 3. Mr. Xu's transfer is also necessary to ensure that he has adequate access to counsel to prepare for trial.

This Court's continuing authority to issue and/or modify orders to protect Mr. Xu's Sixth Amendment right to counsel is expressly provided for in the statute pursuant to which he is being detained. *See* 18 U.S.C. § 3142(i)(3).

As counsel has previously advised the Court, Mr. Xu's detention in the SHU at FCI Milan – an 8-hour round trip from Cincinnati, and the very limited access counsel has been given to Mr. Xu - has made it difficult for counsel to obtain the time with Mr. Xu necessary to prepare his defense. The Covid-19 outbreak at FCI Milan ███████████████ have brought all legal visits and consultations to a grinding halt, placing at risk Mr. Xu's Sixth Amendment right to counsel.

With a trial date of January 2021 fast approaching, counsel will need frequent access to Mr. Xu to prepare for trial. Given the ongoing and growing Covid-19 crisis at FCI Milan and in Southern Michigan generally, it is safe to assume that the lockdowns and restricted visitation protocols at other detention facilities may be lifted before it is safe to do so at FCI Milan. Mr. Xu's transfer to a BOP facility free of Covid-19 thus has the additional benefit of helping to ensure that Mr. Xu will have adequate access to counsel to prepare his defense and for trial.

---

████████████████████████████████████████████████████████████████
████████████████████████████████████████████

Respectfully submitted,

*/s/ Ralph W. Kohnen*
Ralph W. Kohnen (0034418)
Jeanne M. Cors (0070660)
Robert K. McBride *(pro hac vice)*
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Telephone: (513) 381-2838
Fax: (513) 381-0205
kohnen@taftlaw.com
cors@taftlaw.com
rmcbride@taftlaw.com

COUNSEL FOR DEFENDANT

27086030.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 22, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties in this case by operation of the Court's CM/ECF system. Parties may access this filing through the Court's system.

      */s/ Ralph W. Kohnen*