IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Case No. 1:18-cr-00043 |
| Plaintiff, | : Judge Timothy S. Black |
| v. | : |
| YANJUN XU, | : **REPLY MEMORANDUM IN SUPPORT** |
| a/k/a Xu Yanjun, | : **OF MOTION FOR TRANSFER OF** |
| a/k/a Qu Hui, | : **PRETRIAL DETAINEE UNDER** |
| a/k/a Zhang Hui, | : **COURT SUPERVISION** |
| | : **(FILED UNDER SEAL)** |
| Defendant. | : |

    The government spends much of its memorandum discussing the statutory and regulatory regime established by Congress to delegate to the Attorney General, U.S. Marshals Service and Bureau of Prisons ("BOP") responsibility for the placement and day-to-day care of inmates and pretrial detainees. The government argues strenuously that in light of this regime and the particularized expertise of these agencies, courts in the normal course should show significant deference to decisions made by the U.S. Marshals Service and BOP regarding the placement, supervision and care of pretrial detainees. With respect to these propositions, the parties are in full agreement.

    Defendant disagrees strongly, however, with the government's implication that the existence of this regime completely divests a presiding District Court Judge of his or her inherent authority to address matters relating to pretrial detainees locked up pursuant to his or her Court order. To the extent the government is implying a court loses all authority to supervise and care for a pretrial detainee once he or she is placed in a detention facility (BOP or otherwise), it has failed to cite any case so holding. To the contrary, the government's own cases recognize the

27138157.1

inherent authority of a District Court Judge to address matters relating to pretrial detainees who remain under its supervision and care and, of particular relevance given the current Covid-19 crisis, acknowledge that court intervention may be appropriate in the face of "special" or "extraordinary" circumstances. *See, e.g. United States, v. Stile*, No. 1:11-cr-00185-JAW, 2013 WL 12195872, *2 (D. Me. Nov. 27, 2013) (the existence of special circumstances may justify court intervention in the discretionary decision-making of the U.S. Marshals Service regarding the housing and transport of a pretrial detainee awaiting trial); *Moyers v. Shudan*, No. 3:07-cv-393, 2009 WL 1813969, *2 (E.D. Tenn. June 24, 2009) (normal deference afforded discretionary decision-making of the U.S. Marshals Service regarding the housing of federal prisoners may give way in the face of "extraordinary circumstances."); *see also Falcon v. U.S. Bureau of Prisons*, 852 F. Supp. 1413, 1422 (S.D. Ill. 1994), *aff'd* 52 F.3d 137 (7th Cir. 1995) (noting the Sixth Amendment rights of a pretrial detainee are best addressed not in a separate habeas action but "in the criminal case").[1]

The government does not dispute the nature of the Covid-19 crisis in Southern Michigan and at FCI Milan. Nor does the government contest other key factual allegations asserted by Defendant in support of his motion, including:

- FCI Milan's protocols have failed to halt the spread of the virus throughout the facility;

---

[1] Additional cases cited by the government affirm a District Court Judge's authority to intervene to protect the constitutional rights of a pretrial detainee. *See, e.g., United States v. Espinoza-Arevalo*, No. 14-00332-02-CR-W-BP, 2015 WL 9598299 (W.D. Mo. Dec. 30, 2015) (recognizing court's authority to act upon a pretrial detainee's complaints that his constitutional rights were violated by circumstances of his confinement by the United States Marshal); *Procunier v. Martinez*, 416 U.S. 396, 405-06 (1974) overruled by *Thornburgh v. Abbott*, 490 U.S. 401 (1989) (recognizing that prison administrator's discretion is not unlimited and thus "a policy of judicial restraint cannot encompass any failure to take cognizance of valid constitutional claims whether arising in a federal or state institution."); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (acknowledging court's authority to ensure that conditions of detention do not amount to punishment of the pretrial detainee).

- ███████████████████████████████████████;

- ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████;

- ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████;

- ████████████████████████████████████████████
████████████████████████;

- The many obstacles Defense counsel was already encountering in conferring with Defendant and preparing for trial – including an 8-hour round trip and restricted visitation schedule – have only been exacerbated by the Covid-19 crisis.

As the cases cited both by Defendant and the government attest, this Court retains its inherent authority to intervene in the discretionary decision-making of the U.S. Marshals Service and BOP to protect the constitutional rights and health and safety of Defendant – a pretrial detainee who is presumed innocent and has been convicted of nothing. Certainly it would be difficult to envision a crisis situation more likely to constitute "special" or "extraordinary" circumstances warranting court intervention than the Covid-19 epidemic we are experiencing currently ██████████████████████████████████.

Defendant and his counsel appreciate fully the myriad and complex factors that go into placing and caring for inmates and detainees. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ By this Motion, Defendant is not asking the Court, alone and without consultation, to order Defendant's

---

[1] ████████████████████████████████████████████████████████████████████

3

27138157.1

transfer to a particular detention facility. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ allow for more ready access to counsel as trial approaches.

This case and the threat the Covid-19 pandemic and outbreak at FCI Milan pose to Defendant's health and well-being cannot be overstated.  By this Motion, Defendant respectfully seeks only that the Court exercise its inherent and statutory authority to look into the circumstances and conditions of his detention and, in consultation with the U.S. Marshal's Service and BOP, explore whether there might be an alternative to FCI Milan that may more effectively ensure Defendant's health and well-being and allow for more ready access to counsel as they prepare for trial.

Respectfully submitted,

/s/ Ralph W. Kohnen
Ralph W. Kohnen (0034418)
Jeanne M. Cors (0070660)
Robert K. McBride *(pro hac vice)*
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Telephone: (513) 381-2838
Fax: (513) 381-0205
kohnen@taftlaw.com
cors@taftlaw.com
rmcbride@taftlaw.com

COUNSEL FOR DEFENDANT

27138157.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties in this case by operation of the Court's CM/ECF system. Parties may access this filing through the Court's system.

*/s/ Ralph W. Kohnen*