UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case. No. 1:18-CR-043 |
| | ) | |
| YANJUN XU, | ) | Judge Timothy S. Black |
| a/k/a Xu Yanjun, | ) | |
| a/k/a Qu Hui, | ) | |
| a/k/a Zhang Hui, | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER PURSUANT TO
SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT
AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)**

The Court, having carefully considered the Government's *Ex Parte*, *In Camera* Under Seal Motion for a Protective Order, and the declarations filed therewith, **GRANTS** the Government's Motion for a Protective Order in its entirety.

The Court finds that the Government's Motion for a Protective Order was properly filed *ex parte*, *in camera*, for this Court's review, pursuant to CIPA § 4 and Federal Rule of Criminal Procedure 16(d)(1). The Court has conducted an *ex parte*, *in camera* review of the Government's classified Motion and the classified declarations.

On the basis of the Court's review of the arguments set forth in the Government's Motion and the classified declarations, the Court finds that the classified information referenced in the government's motion implicates the government's classified information privilege because the information is properly classified and its disclosure could cause serious, and in some cases, exceptionally grave, damage to the national security of the United States. Furthermore, the Court finds that none of the classified

1

information that the government seeks to withhold from the defense is exculpatory.  *See Brady v. Maryland*, 373 U.S. 83 (1963).

Additionally, the Court finds that the "relevant and helpful" standard articulated in *United States v. Roviaro*, 353 U.S. 53 (1957), *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989), and *United States v. Amawi*, 695 F.3d 457 (6th Cir. 2012) is the appropriate standard by which to analyze whether the government must disclose in discovery classified information where, as here, the government has properly invoked the classified information privilege.  *See also United States v. Sarkissian*, 841 F.2d 959 (9th Cir. 1988).  To this end, the Court finds that in applying the *Roviaro/Yunis* standard, none of the classified information referenced in the government's motion is relevant and helpful to the defense.  The Court also finds that the withholdings authorized by this Order are consistent with the government's discovery obligations under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland, Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.

Accordingly, **IT IS ORDERED** that the government is authorized to withhold the specified classified information identified in its Motion from discovery to the defendant.

**SO ORDERED** this *15TH* day of *OCTOBER*, 2021.

_____
TIMOTHY S. BLACK
United States District Judge

2