# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 1:18-CR-0043** |
| | **Judge Timothy S. Black** |
| v. | |
| **YANJUN XU** <br> (a/k/a Xu Yanjun and Qu Hui) | **UNITED STATES' MOTION TO EXCLUDE EVIDENCE** <br><br> <u>**FILED UNDER SEAL**</u> |

The United States respectively moves this Court to exclude (1) any evidence related to the fact that Xu was not charged in case no. 3:13-cr-32 (S.D. Cal.); and (2) any evidence related to the fact that the United States' extradition request to Belgium does not enumerate Xu's attempts to obtain technical, aviation information from Safran. The evidence should be excluded under Federal Rule of Evidence 403 because the danger of confusing the issues, misleading the jury, and unfair prejudice substantially outweighs whatever minimal probative value the evidence might have.

**I.   BACKGROUND**

　　A.  *Charged conspiracies.*

In April 2018, a Southern District of Ohio grand jury returned a four-count indictment against Xu. The indictment charges Xu with, *inter alia*, conspiracy to commit economic espionage in violation of 18 U.S.C. § 1831(a)(5) and conspiracy to commit trade secret theft in violation of 18 U.S.C. § 1832(a)(5). The charged conspiracies occurred from 2013 to at least April 1, 2018, and the object of both conspiracies was to obtain technical, aviation information, including trade secrets, from non-Chinese companies and countries. The indictment identifies some, but not all, of the overt actions taken by Xu and the other conspirators towards the objective of obtaining aviation trade secrets. While the indictment chronicles Xu's attempts to

obtain trade secrets from G.E. Aviation in 2017 and 2018, those attempts are only one such example of the conspirators' conduct. As this Court found in denying defendant's motion in limine to exclude 404(b) evidence, the charged conspiracy includes Xu's efforts in 2013 and 2014 to illegally obtain technical, aviation information from Safran, a French aviation company, as well as conduct involving several other aviation companies.

B. *Southern District of California indictment and superseding indictment.*

In August 2013, a Southern District of California grand jury returned a sealed two-count indictment against Zhang Zhang-Gui charging him with intentionally causing damage to a protected computer in violation 18 U.S.C. § 1030(a)(5)(A) and with conspiring with others to do the same in violation of 18 U.S.C. § 371. That indictment does not reference Xu, nor do any of the allegations relate to his attempts to steal trade secret information from Safran.

In October 2018—approximately six months after the indictment was returned in this case—a Southern District of California grand jury returned a superseding indictment in the *Zhang-Gui* case, which added new allegations and named nine additional defendants. The superseding indictment references some of Xu's actions to obtain technical, aviation information from Safran, including that he directed a Safran employee to plant malware into the company network, but does not name Xu, already under indictment in the Southern District of Ohio, as a defendant.

C. *Pre-trial rulings and trial evidence.*

Pre-trial, Xu filed motions to dismiss the indictment (R. 55), for a bill of particulars (R. 56), and to exclude evidence under Rule 404(b) (R. 89 & 123). Those motions variously argued that Xu's pre-2017 activities, including his attempts to obtain information from Safran, are not at issue in the case, either because the indictment did not contain sufficient particularity about the pre-2017 activities or because the charged conspiracy did not cover his attempts to obtain

2

information from Safran. Xu also claimed, in a supplemental memorandum to his 404(b) motion, that the charged conspiracy must be limited to his attempts to obtain information from G.E. based on the information presented to the grand jury and contained in the United States' extradition request to Belgium. (R. 145). The Court denied defendant's motions prior to trial. (Oct. 14, 2021 notation order). The Court's rulings indicate (1) that the indictment alleges the charged conspiracies—including the pre-2017 portions of the conspiracies—with sufficient particularity; (2) that Xu's attempts to obtain technical, aviation information from Safran are part of the charged conspiracies; (3) that evidence of those attempts are admissible as intrinsic evidence; and (4) that admission of that evidence does not violate the terms of Xu's extradition.

In opening statement, defense counsel referenced the fact that defendant was not charged in the Southern District of California case over the United States' objection, appearing to suggest that that Xu's actions had already been considered—and rejected—in the Southern District of California case. During cross-examination of a Belgian officer, defense counsel also attempted to elicit information that the United States' extradition request did not reference Xu's actions to obtain information Safran. The United States objected, and the Court sustained the objection. The United States anticipates defense counsel may seek to revisit these issues with future government witnesses.

## II. ARGUMENT

Defense counsel's statements in opening and on cross-examination were improper. The Court should exclude evidence—and preclude defense counsel from referencing in questioning and argument—any information related to the fact that (1) Xu was not charged in the Southern District of California case and (2) not all of the trial evidence was included in the extradition request.

A. *Evidence that Xu was not named as a defendant in S.D. Cal. superseding indictment.*

This Court has ruled that Xu's involvement in and communications regarding the hacking of Safran through the planting of malware on the laptop of a Safran employee (and the concealment of such activities) are admissible as intrinsic evidence of the charged conspiracies.[1] Xu's involvement in the Safran hacking is described, in part, in the Southern District of California Superseding Indictment, which refers to Xu as "JSSD Intelligence Officer A." *United States v. Zhang Zhang-Gui et al.*, S.D. Cal. Case No. 3:13-CR-03132, filed Oct. 25, 2018, at ¶¶ 10 cc-oo (detailing some of Xu's conduct related to the Safran hacking). The Court should preclude the defense from suggesting or eliciting the fact that Xu was not named as a defendant in that case because any minimal probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues [and] misleading the jury.").

Xu's conduct related to the Safran hacking—some of which is reflected in the Southern District of California indictment—is relevant here. But the fact that Xu was not charged in that separate indictment—which alleged a conspiracy to damage a protected computer—has little, if any, relevance. It is blackletter law that "all members of a conspiracy [need not] be charged and prosecuted, or tried together in one proceeding." 6th Cir. Pattern Instruction § 3.06(1); *United States v. Sandy*, 605 F.2d 210, 216 (6th Cir. 1979) (it is "immaterial" that all members of conspiracy are not charged in an indictment); *United States v. Sachs*, 801 F.2d 839, 845 (6th Cir. 1986) ("It is not necessary, to sustain a conviction for a conspiracy, that all co-conspirators be charged."). Indeed, "[t]he government may decide . . . not to charge a suspect in an indictment

---

[1] The Court alternatively held that the evidence would be admissible under Rule 404(b).

4

for a variety of reasons that have nothing to do with his guilt or innocence," including "the expectation of prosecution by other authorities, or any number of other valid discretionary reasons." *United States v. Bingham*, 653 F.3d 983, 999 (9th Cir. 2011).[2] Nor does the fact that Xu was not charged in the Southern District of California case tend to suggest that he did not engage in the Safran hacking. To the contrary, the Southern District of California superseding indictment specifically details his involvement in the hacking and does so in a way that is consistent with the evidence in this case. Ultimately, the government's charging decision in that separate case is not at all probative of whether Xu committed the crimes charged in this one. *See id.* (indictment from related case that did not charge defendant as member of conspiracy had "little or no probative value" of the defendant's role in the conspiracy alleged in the case before the court).

On the other side of the balance, the danger of unfair prejudice, confusing the issues, and misleading the jury is significant. Allowing introduction of the evidence would sow confusion about the legal relevance of the Southern District of California indictment, give the jury the false impression that Xu was somehow exonerated of conduct related to the Safran hacking, and invite the jury to ignore the actual evidence of the Safran hacking presented at trial.[3] *See id.* (indictment from related case that did not charge defendant as member of conspiracy "created significant risk of jury confusion" because it would require the government to explain its reasons for prosecuting

---

[2] The Southern District of California indictment was returned approximately six months *after* the indictment in this case.

[3] Similarly, arguments that the jury should acquit Xu because the Southern District of California superseding indictment either exonerates him or renders this prosecution unjust would amount to an impermissible appeal for jury nullification. *See Wofford v. Woods*, 969 F.3d 685, 709 (6th Cir. 2020); *Cf. United States v. Frazier*, 443 F. Supp. 3d 885, 902 (M.D. Tenn. 2020) (granting government's motion in limine to preclude jury nullification argument that because defendants "have been convicted and sentenced for similar conduct in another jurisdiction, they should not be held accountable in the instant case").

5

certain defendants together). Any minimal probative value that could be gleaned from Xu's failure to be named as a defendant in the Southern District of California case is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. The Court should therefore exclude the evidence pursuant to Rule 403. *See id.* (affirming district court's exclusion of indictment from related case that did not charge defendant "because it was not particularly probative of [the defendant's] role in the conspiracy alleged in this case, created significant risk of jury confusion, and would waste time"); *United States v. Roberts*, 919 F.3d 980, 985 (6th Cir. 2019) (affirming district court's exclusion of evidence because it more likely would have confused the issues and convinced the jury to acquit on an improper basis); *United States v. Benson*, 957 F.3d 218, 237 (4th Cir. 2020) (noting that "circuits have uniformly upheld the exclusion of evidence of prior charging decisions because it risks misleading the jury and confusing the issues" (quotation omitted)).

    B. *Evidence that the extradition request did not list Xu's attempts to steal information from Safran.*

The Court should also exclude any evidence that the United States' extradition request to Belgium did not detail Xu's attempts to obtain technical, aviation information from Safran because the probative value of that evidence would be substantially outweighed by the danger that the evidence will confuse the issues and mislead the jury.

First, evidence that the April 2018 extradition request did not enumerate Xu's activities toward Safran has minimal relevance to the charges that Xu conspired with other from 2013 through April 2018 to obtain technical, aviation information and trade secrets from non-Chinese companies and countries. The extradition request posted-dated (and included) the indictment, and evidence about which of Xu's activities were enumerated in the extradition request does not make it "more or less probable" that Xu committed the charged offenses. *See* Fed. R. Evid. 401;

6

*cf. Roberts*, 919 F.3d at 985 (evidence of activities that post-dated indictment had little relevance and were properly excluded under Rule 403). Nor is the evidence arguably relevant for any impeachment purpose, such as to show a witness's bias. *Cf. United States v. Heflin*, 600 F. App'x 407, 412 (6th Cir. 2015) (providing that rules of evidence impliedly authorize impeachment for bias subject to "the district court's assessment that the evidence is relevant, per Rule 401, and that its probative value is not substantially outweighed by the danger of unfair prejudice, per Rule 403").

Second, admitting the evidence that the extradition request did not enumerate Xu's activities toward Safran would risk confusing the issues and misleading the jury about the relevance of the extradition request. Whether the charges against Xu should be limited by the contents of the extradition request is a question of law—not a factual issue to be submitted to the jury—that this Court has already resolved. Xu argued in pre-trial briefing that introducing evidence of his attempts to obtain information from Safran would violate the terms of his extradition from Belgium. (R. 123.) This court rejected that argument. It upheld the sufficiency of the indictment upon which extradition was based and found that Xu's attempts to obtain information from Safran are admissible as intrinsic evidence of the charged conspiracies. Admitting evidence that the extradition request did not enumerate Xu's attempts to obtain information from Safran would improperly suggest (1) that the extradition request was somehow insufficient to support the present prosecution; and (2) that the jury should discount the Safran evidence because it was not enumerated in the extradition request. It would also confuse the issues by inviting the jury to reconsider the court's legal ruling that the use of the Safran evidence does not violate the terms of Xu's extradition. Because these dangers substantially

outweigh whatever minimal relevance the evidence might have to the factual issues in the case, the court should exclude the evidence.[4] *See Roberts*, 919 F.3d at 985.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests this court to exclude (1) any evidence related to the fact that Xu was not charged in case no. 3:13-cr-32 (S.D. Cal.); and (2) any evidence related to the fact that the extradition request does not enumerate Xu's attempts to obtain information from Safran, and preclude defense counsel from referencing the same during the questioning of witnesses or in argument.

Respectfully submitted,

VIPAL J. PATEL
Acting United States Attorney

*s/Timothy S. Mangan*
TIMOTHY S. MANGAN (0069287)
EMILY GLATFELTER
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
E-mail: timothy.mangan@usdoj.gov

---

[4] Similarly, arguments that the jury should discount the Safran evidence—or that considering the Safran evidence would be unjust—because the indictment and extradition request did not enumerate it would be improper. This Court has already ruled that the indictment is sufficient and that the Safran evidence is admissible.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically served via electronic mail upon defense counsel, this 24th day of October, 2021.

                                                *s/Timothy S. Mangan*
                                                TIMOTHY S. MANGAN (0069287)
                                                Assistant United States Attorney