IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| UNITED STATES OF AMERICA | Case No. 1:18-CR-0043 |
|---|---|
| | Judge Timothy S. Black |
| v. | |
| YANJUN XU<br>(a/k/a Xu Yanjun and Qu Hui) | UNITED STATES' MOTION<br>TO PUBLISH EXIBITS<br>ADMITTED INTO EVIDENCE |

The United States respectively moves this Court for permission to publish to the jury exhibits that have previously admitted into evidence. During trial the Court admitted the following exhibits: 86(c), 86(d), 93(b), 96(a), and 97(b). These exhibits consist of statements by the Defendant.

The government respectfully requests permission to call an FBI agent, and have that agent read the communications with trial counsel.[1] The agent will not testify about any factual matters related to the exhibits, but would merely read the exhibit, which already has been admitted into evidence. Such practice has been affirmed by the Sixth Circuit. For example, in *United States v. Tragas*, 727 F.3d 610, 614 (6th Cir. 2013), the Sixth Circuit explained: "However, Defendant offers no support for her proposition that the mere reading aloud of previously admitted documentary evidence is improper or prejudicial. On the contrary, there is nothing inherently problematic about reading such evidence to the jury." *Id. (*emphasis added*)*, citing *Bank of Nova Scotia v. United State*s, 487 U.S. 250, 262–63, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988) (no prejudice where two IRS agents read in tandem from a transcript before a grand

---

[1] The government also could recall an agent who has previously testified, such as S.A. Hull.

jury); *United States v. Chambers*, 441 F.3d 438, 456–57 (6th Cir. 2006) (no unfair prejudice where a police officer read portions of a previously-admitted diary to the jury).

As stated in *Tragas*, "[a]s long as the evidence itself is properly admitted pursuant to the Rules of Evidence and does not run afoul of other safeguards like the Confrontation Clause, we do not see how a defendant could be prejudiced if the evidence is read aloud to the jury." *Id.*; *United States v. Evans Landscaping, Inc.*, 850 F. App'x 942 (6th Cir. 2021) (affirming conviction; rejecting defendant's argument that agent was impermissibly used as a summary witness where he merely read from properly admitted exhibits).

For the foregoing reasons, the United States respectfully requests permission to publish admitted exhibits: 86(c), 86(d), 93(b), 96(a), and 97(b) as stated above.

> Respectfully submitted,
>
> VIPAL J. PATEL
> Acting United States Attorney
>
> *s/Timothy S. Mangan*
> TIMOTHY S. MANGAN (0069287)
> EMILY GLATFELTER
> Assistant United States Attorney
> 221 East Fourth Street, Suite 400
> Cincinnati, Ohio 45202
> Office: (513) 684-3711
> E-mail: timothy.mangan@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically served via electronic mail upon defense counsel, this 26th day of October, 2021.

*s/Timothy S. Mangan*
TIMOTHY S. MANGAN (0069287)
Assistant United States Attorney